Louis M. Alt and Maxine F. Alt v. Commissioner.
Alt v. Commissioner
Docket No. 291-69.
United States Tax Court
T.C. Memo 1969-292; 1969 Tax Ct. Memo LEXIS 6; 28 T.C.M. (CCH) 1501; T.C.M. (RIA) 69292; December 29, 1969. Filed J. Bernard Brown, for the petitioners. James J. McGrath, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax for taxable years 1965, 1966, and 1967, respectively, in the amounts of $167.78, $458.34, and $83.99, for a total of $710.11. The only issue for decision is whether the Commissioner's determination disallowing the deduction of certain bank charges as being allocable to tax-exempt securities is arbitrary and unreasonable. 1502 Findings of Fact Some of the facts have been stipulated. The stipulation *7 and exhibits attached thereto are incorporated herein by this reference. Louis M. and Maxine F. Alt resided in Lafayette, Indiana at the time the petition herein was filed. They filed their joint Federal income tax returns for taxable years 1965, 1966, and 1967 with the district director of internal revenue at Indianapolis, Indiana. Hereinafter, the designation petitioner shall refer solely to Louis Alt, as it appears that Maxine is solely a party by virtue of signing the joint returns. In September 1964, petitioner opened an investment agency account with the Indiana National Bank of Indianapolis (Bank). For managing the account, the Bank charged petitioner a fee based on the gross value of the securities on the date the account was opened and on ensuing anniversary dates. For the years in question the gross value of the securities was as follows: September 1, 1964
$804,516
September 1, 1965
715,459
September 1, 1966
647,960
September 1, 1967
670,000
The agency fees paid by petitioner were $1,840.06, $1,760.61, and $1,352 for 1965, 1966, and 1967, respectively, and were derived from the following rate schedule: .4 percent on the first $100,000 .25 *8 percent on the next $400,000 .15 percent on the excess over $500,000 During the years in question the amount of tax-exempt securities in the investment agency account was as follows: September 1, 1964
$165,000
September 1, 1965
421,528
September 1, 1966
415,000
September 1, 1967
415,000
The fee was not based on either the number or nature of the transactions that the Bank engaged in on behalf of petitioner's agency account and during the years in question the Bank did not maintain records of the cost of each individual transaction. For the years in question petitioner deducted the fees in total. The Commissioner determined that the fees were allowable as deductions based on a percentage of the value of nontax-exempt securities to the value of all the securities and accordingly disallowed a portion of the claimed deduction and assessed the deficiencies at issue herein. Opinion Petitioner contends that the allocation under section 265, [1] I.R.C. 1954, and the regulations thereunder, section 1.265-1(c), [2] Income Tax Regs., by the Commissioner is arbitrary and unreasonable and that it should have been made in proportion and in *9 accordance with the actual services rendered by the Bank as to the two types of securities; or in the alternative that such allocation should be on a ratio of transactions involving tax-exempt securities to total transactions. No evidence was introduced which would support any other basis for allocation. Cf. Edward Mallinckrodt, Jr., 2 T.C. 1128, 1148. *10 In support of his contention petitioner offers no evidence except for the opinion of the former assistant in charge of the trust department of the Bank to the effect that as to petitioner's account 80 percent of the time was devoted to taxable securities and 20 percent of the time was devoted to taxexempt securities. The burden of proof is on the petitioner to show that the Commissioner's determination is erroneous. Rule 32, Tax Court Rules of Practice. We find that petitioner has not sustained his burden. As stated in our findings of fact, the Bank computed the fee and charged petitioner on the gross value of all the securities as of September 1. The Bank maintained no records of the cost of each individual transaction and it did not consider the number or nature of the transactions in computing the fee. Petitioner's evidence, in 1503 the form of opinion testimony, throws no light on his position since the fee was not calculated on either a time spent or services rendered basis. In these circumstances we cannot say that the Commissioner's determination is arbitrary or unreasonable, rather we find it to be "a reasonable proportion * * * determined in the light of all the *11 facts and circumstances" as specified in the regulations. Accordingly, Decision will be entered for the respondent. Footnotes
1. SEC. 265. EXPENSES AND INTEREST RELATING TO TAX-EXEMPT INCOME. No deduction shall be allowed for - (1) Expenses. - Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under section 212 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle. ↩
2. Sec. 1.265-1 Expenses relating to tax-exempt income. (c) Allocation of expenses to a class or classes of exempt income. Expenses and amounts otherwise allowable which are directly allocable to any class or classes of exempt income shall be allocated thereto; and expenses and amounts directly allocable to any class or classes of nonexempt income shall be allocated thereto. If an expense or amount otherwise allowable is indirectly allocable to both a class of nonexempt income and a class of exempt income, a reasonable proportion thereof determined in the light of all the facts and circumstances in each case shall be allocated to each.↩